**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


STANLEY HUNTER,

        Plaintiff,

    v.                                     Case No. C-1-07-004

HON. THOMAS R. LIPPS, et al.,

        Defendants.

**<u>ORDER</u>**

      This matter is before the court upon defendants' motion for judgment on the pleadings (doc. 10), plaintiff's opposing memorandum (doc. 11), and defendants' reply (doc. 14).

**I.  Introduction**

      According to the allegations of the complaint, plaintiff Stanley Hunter, a 44 year-old African-American male, worked as a Corrections Officer at the Hamilton County Juvenile Court's Youth Center facility for seven years.  He supervised the youth incarcerated at the Youth Center.  Plaintiff received positive evaluations during his time at the Youth Center.  On September 5, 2005, there was a disturbance at the Center involving a youth who became violent and attempted to choke plaintiff, forcing plaintiff to become physical with the youth in order to regain control of him.  Two days later, plaintiff was placed on administrative leave pending an investigation of the incident.  Plaintiff was fired on September 9, 2005, for alleged excessive use of force and neglect of duty during the September 5 incident.

      Plaintiff filed suit against the Honorable Thomas R. Lipps, Administrative Judge of the

1

Hamilton County Court of Common Pleas, Juvenile Division, and Harvey Reed,  Superintendent of the Youth Center of the Hamilton County Juvenile Court.  Plaintiff brings claims for race discrimination under Title VII, 42 U.S.C. § 2000 et. seq., age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq., and both age and race discrimination under Ohio Revised Code § 4112.02.  Plaintiff claims that defendants discriminated against him by treating him differently than similarly-situated younger or Caucasian employees and/or terminating him on account of his race/age.

Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c) on the Title VII and ADEA claims and on the Ohio age discrimination claim.  Defendants argue that Title VII and the ADEA do not permit suits to go forward against individuals, only employers. Defendants also argue that plaintiff's state age discrimination claim is barred by Ohio statutory law and therefore must be dismissed.

Plaintiff opposes the motion for judgment on the pleadings.  Plaintiff's argument is difficult to follow, but he alleges that he sues Judge Lipps and Mr. Reed in their capacity as his "employers, not as individuals;" capacity to sue in federal court is governed by Fed. R. Civ. P. 17; pursuant to Rule 17(b), capacity to be sued in a "representative capacity" is to be determined by the law of the state in which the district court is located; the laws of Ohio therefore control whether the individual defendants can be sued under Title VII and the ADEA; and the proper defendants to a claim brought by a former employee of the Juvenile Court are the judge, who appoints employees and fixes their duties, compensation and expense allowances, and the Superintendent of the juvenile detention facility, who appoints all employees of the facility. Plaintiff also denies that the Ohio statutory scheme bars his age discrimination claim.

2

**II.  Judgment on the Pleadings**

A motion for judgment on the pleadings may be made after the pleadings are closed but within such time as to not delay trial.  Fed. R. Civ. P. 12(c).  Rule 12(c) requires the court to construe the complaint in the light most favorable to the plaintiff, accept the factual allegations of the complaint as true, and determine whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

**III.  Individual/Supervisory Liability under Title VII and the ADEA**

It is settled law in the Sixth Circuit that an individual employee/supervisor who does not otherwise qualify as an "employer" may not be held liable under Title VII.[1]  *Wathen v. General Electric Co.,* 115 F.3d 400 (6th Cir. 1997).  The court in *Wathen* relied on cases examining Title VII, the ADEA, and the Americans with Disabilities Act as the basis for its analysis.  *Id.* at 404.  The court recognized that these statutes define "employer" in essentially the same way, so any analysis of the term that encompasses all of the federal civil rights statutes is appropriate.  *Id.* at 404 n. 6.  The court examined the structure of Title VII, including its complex damages provisions, and concluded that Congress did not intend for individuals to face liability under the statute.  *Id.* at 406.  Therefore, unless the individual otherwise qualifies as an employer under the statutory definition, the individual may not be held personally liable under Title VII.  *Id.* at 405.  The Sixth Circuit has recognized in subsequent cases that the holding in *Wathen* applies equally to claims brought under Title VII's sister civil rights statutes, including the ADEA.  *See Hiler v.*

_____

[1]Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ."  42 U.S.C. § 2000e.

*Brown,* 177 F.3d 542, 546 (6th Cir. 1999) (citing *Smith v. Lomax,* 45 F.3d 402, 403 (11th Cir. 1995)); *Liggins v. State of Ohio,* 2000 WL 178420 * 2 (6th Cir.) (unpublished decision) (district court properly dismissed plaintiff's Title VII and ADEA claims against the individual defendants since the named defendants, sued in their individual capacity, were not included within the statutory definition of "employer" under Title VII and its sister civil rights statutes and therefore could not be held personally liable for discrimination).

Plaintiff apparently attempts to sidestep clearly-established Sixth Circuit law by arguing that Ohio law controls whether an individual can be sued "in a representative capacity" under Title VII and the ADEA.  Defendants interpret plaintiff's use of the phrase "representative capacity" to mean that plaintiff is attempting to sue them in their "official capacity."  Defendants argue that suit cannot be brought against individuals in their official capacity under Title VII and the ADEA and that only the employing entity can be sued.  However, the sole authority defendants cite for their position, *Mack v. Holcomb,* 446 F.Supp.2d 777, 779 (N.D. Ohio 2006), does not establish the proposition for which defendants cite it, i.e., the "inapplicability of the individual/official capacity distinction in Title VII cases."  Moreover, other cases from the Sixth Circuit and this district have either allowed a Title VII claim to proceed against an individual in his official capacity insofar as the plaintiff seeks equitable relief (*see Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000)) or have expressly recognized that an individual can be held liable in his official capacity under Title VII.  *See Dyer v. Radcliffe,* 169 F.Supp.2d 770, 774 (S.D. Ohio 2001).  In accordance with these authorities, there appears to be no bar to a plaintiff bringing Title VII and ADEA claims against individual defendants in their official capacity, which is in effect a lawsuit against the governmental agency itself.  *See Matthews v.*

4

*Jones,* 35 F.3d 1046, 1049 (6th Cir.1994) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 68 (1989)).

The Court, however, does not interpret plaintiff's arguments in his brief to mean that he is suing defendants in their official capacity. Plaintiff asserts that he is not suing the defendants "as individuals," but he never states that he is suing them in their official capacity as he easily could have done. Instead, plaintiff states that he is suing the defendants as "employers" in their "representative capacity." Then, rather than looking to federal law governing individual/official capacity, plaintiff turns to Ohio law to argue that these individuals are proper defendants because they are the "appointing authorities" of the Juvenile Court. Moreover, plaintiff does not indicate in the complaint that he is suing defendants in their official capacity. Because plaintiff, despite being represented by counsel who are highly-experienced in the employment law field, never states that he is suing the defendants in their official capacity, plaintiff's claims must be construed as having been brought against the defendants in their individual capacity.

Turning to whether plaintiff can proceed against the defendants in their individual capacity, Sixth Circuit case law makes clear that a supervisory employee such as Mr. Reed who manages a facility and appoints the employees of the facility but who serves at the pleasure of another is not an "employer" within the meaning of Title VII. The Court finds that the same conclusion applies with respect to Judge Lipps. Judge Lipps has considerably more authority than Mr. Reed in that he has the power to designate the titles of the employees he appoints and to fix their duties, compensation and expense allowances. However, unlike a typical employer, his authority is circumscribed in that he is an elected official whose powers and duties are defined by statute. *See* Ohio Rev. Code § 2153.03, § 2151.13. Moreover, Judge Lipps is not responsible

5

for his own compensation or for that of the employees he appoints. Rather, his compensation and expenses as well as those of the appointed employees are paid by the county treasury from money appropriated for the operation of the court. *See* Ohio Rev. Code § 2151.13. An elected official whose authority with regard to the employees in his charge is defined by statute and who is not responsible for paying those employees is not a person who can be said to "ha[ve]" employees as that term is used in 42 U.S.C. § 2000e. This conclusion is supported by the Sixth Circuit's determination in *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 n. 1 (6th Cir. 2000) that the supervisor of a county Road Department and a county judge with authority over the supervisor could not be sued as individuals under Title VII and were not employers under the statutory definition.

This conclusion is also supported by the district court's decision in *Garraway v. Diversified Material Handling Inc.*, 975 F.Supp. 1026 (N.D. Ohio 1997), which, although not binding on this Court, is persuasive. In *Garraway*, the district court rejected plaintiff's argument that despite the holding in *Wathen*, the individual defendant qualified as an "employer," independent of his supervisory capacity, because he exercised significant control over hiring, firing, and other conditions of employment in his capacity as company vice-president. The court looked to the statutory language and decisions of other federal courts for guidance in deciding

this issue.  The court found as follows:

> Every Circuit Court to address the issue of individual liability since 1991 has held
> that the sole purpose of the provision in Title VII extending liability to the
> employer's agents was to incorporate respondeat superior liability into the statute,
> and that an agent cannot be sued for damages in his individual capacity (citations
> omitted).  These Courts have used both Title VII's statutory scheme and its
> remedial provisions to support that conclusion. The fact that liability under Title
> VII is expressly limited to employers with fifteen or more employees indicates
> that Congress intended to limit liability to employer-entities - not individual
> defendants. In light of the protection Congress gave to small entities with limited
> resources to defend against discrimination claims, it is reasonable to suppose that
> Congress would intend this same protection to extend to individual defendants as
> well (citations omitted).

*Id.* at 1029.  The court concluded that because "[p]art of the statutory definition of 'employer'

under Title VII is 'a person . . . who has fifteen or more employees,' 42 U.S.C. § 2000e(b), and

[defendant] did not have any employees" but was instead only a supervisor, the defendant was

entitled to summary judgment.  *Id.* at 1030.

Plaintiff has not cited any authority that would support a contrary conclusion in this case.

Because Judge Lipps and Mr. Reed are supervisors who do not qualify as employers under the

applicable law, plaintiff cannot pursue his Title VII and ADEA claims against defendants.

### IV.  Ohio Claims

Supplemental jurisdiction exists whenever there is a claim arising under federal law and

the relationship between that claim and the state claim "permits the conclusion that the entire

action before the court comprises one constitutional 'case.'"  *United Mine Workers of America v.

Gibbs*, 383 U.S. 715, 725 (1966).  When a district court has only supplemental jurisdiction over

state claims and the federal claims are dismissed prior to trial, the state law claims should be

dismissed as well. *Id.* at 726; 28 U.S.C. § 1367.   Because the Court has held that plaintiff's Title

VII and ADEA claims must be dismissed, the Court will not exercise supplemental jurisdiction

over plaintiff's state law claims.

### V.  Conclusion

In accordance with the foregoing, defendants' motion for judgment on the pleadings is **GRANTED.**  Counts I and III are **DISMISSED** with prejudice.  The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims (Counts II and IV) and those claims are **DISMISSED** without prejudice. This case is **DISMISSED** and is **TERMINATED** on the docket of the Court at plaintiff's cost.

**IT IS SO ORDERED**.

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
 UNITED STATES DISTRICT COURT